# EXHIBIT A

FILED
2026 APR 23 03:32 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-13528-2 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING**

| | |
|---|---|
| JAMIE ANDERSON, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| DICK'S SPORTING GOODS, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

CLASS ACTION COMPLAINT

Plaintiff Jamie Anderson, individually and on behalf of all others similarly situated (the "Class" as defined below), by and through her attorneys, alleges as follows against Defendant DICK'S Sporting Goods ("DSG").

## I.    INTRODUCTION

1.    In 1998, the Washington State Legislature enacted the Commercial Electronic Mail Act (CEMA), codified at chapter 190 of title 19 of the Revised Code of Washington (RCW), to protect Washington residents from the growing onslaught of spam emails.

2.    Among other things, CEMA prohibits transmitting a commercial email to a Washington resident's email address that "[c]ontains false or misleading information in the subject line." RCW 19.190.020(1)(b).

3.    Defendant DSG promotes its business by engaging in exactly the kind of conduct that CEMA prohibits. DSG repeatedly attempts to deceive Washington consumers by sending misleading commercial emails with subject lines designed to manufacture a false sense of urgency and induce recipients into making purchases out of fear of missing a good deal.

4.    This tactic enables DSG to bombard consumers with more unwanted spam, clogging their inboxes with deceptive and misleading emails.

5.    Specifically, DSG sends emails with subject lines falsely stating that certain sales or discounts are only available for a limited time when, in reality, they will continue running for longer than the "limited time" advertised.

6.    By manufacturing a false sense of urgency, DSG impedes consumers' ability to comparison shop, falsely representing that its products must be purchased *immediately* to avoid missing purported deals.

CLASS ACTION COMPLAINT    2

7.      Plaintiff brings this action as a class action on behalf of all Washington residents who received DSG's false and/or misleading emails in violation of the Commercial Electronic Mail Act (RCW 19.190.020) and the Consumer Protection Act (RCW 19.86.020). Plaintiff's requested relief includes an injunction to end these practices, an award to Plaintiff and class members of statutory and exemplary damages for each illegal email, and an award of attorneys' fees and costs.

## II.    JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction under the Washington State Constitution, which sets forth the jurisdiction of Washington Superior Courts. This Court also has subject matter jurisdiction under the Consumer Protection Act (CPA), RCW 19.86.090, and the Commercial Electronic Mail Act (CEMA), RCW 19.190.090, which give Washington Superior Courts jurisdiction over claims brought under CEMA and the CPA.

9.      This Court has personal jurisdiction over Defendant under RCW 4.28.185. Defendant transacts business in Washington. The claims giving rise to this action arise from Defendant's transaction of business in this state and Defendant's purposeful transmission of electronic mail messages to Washington residents. This Court also has personal jurisdiction over Defendant under RCW 19.86.160 because Defendant engaged in conduct in violation of the CPA that had an impact in Washington. Finally, Plaintiff received emails from Defendant while in Washington.

10.     Venue is proper in King County Superior Court because Defendant resides here for purposes of venue. RCW 4.12.025. At all relevant times, Defendant transacted business in King County, including by sending electronic mail messages to residents of King County and by selling products to customers living in King County.

CLASS ACTION COMPLAINT                    3                    **EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

### III.    PARTIES

**Plaintiff**

11.    Plaintiff Jamie Anderson is a resident and citizen of Auburn in King County, Washington.

**Defendant**

12.    Defendant DICK'S Sporting Goods is a Delaware Corporation with its principal place of business located at 345 Court Street, Coraopolis, Pennsylvania 15108. DSG is the largest sporting goods retailer in the United States with over 800 physical locations, including at least thirteen in Washington State.

13.    In addition to its physical stores, DSG sells its products on its website.[1] Visitors to the website are invited to sign up for email mailing lists, through which DSG sends promotional commercial emails to customers, enticed by a promotional code for $20 off a qualifying order of at least $100.

### IV.    FACTUAL ALLEGATIONS

**A.    CEMA Prohibits Initiating, or Conspiring to Initiate, the Transmission of Commercial Emails With False or Misleading Subject Lines.**

14.    Washington's Commercial Electronic Mail Act (CEMA) makes it illegal to "initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that . . . [c]ontains false or misleading information in the subject line." RCW 19.190.020(1)(b).

---

[1] www.dickssportinggoods.com/.

CLASS ACTION COMPLAINT                    4

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

15.    As the Washington Supreme Court recently explained, "CEMA protects consumers by requiring that commercial e-mails communicate honestly about the terms of a given promotion or sale in the subject line." *Brown v. Old Navy, LLC*, 567 P.3d 38, 47 (Wash. 2025).

16.    CEMA creates a private right of action which can be asserted by any person who is the recipient of a commercial email that contains a false or misleading subject line. RCW 19.190.030(1)(b). A plaintiff who successfully alleges and proves a CEMA violation may obtain, among other things, injunctive relief against the defendant. RCW 19.190.090(1).

**B.    Defendant DSG Initiates, or Conspires to Initiate, the Transmission of Commercial Emails With False or Misleading Subject Lines.**

17.    DSG has initiated, or conspired to initiate, the transmission of numerous commercial electronic mail messages with false or misleading subject lines to Plaintiff and other Class Members for the purpose of promoting its products and soliciting purchases from Plaintiff and the Class.

18.    The emails at issue are electronic mail messages, in that they were each an electronic message sent to an electronic mail address; the emails from DSG also referred to an internet domain, whether or not displayed, to which an electronic mail message can or could be sent or delivered. The emails were sent by DSG, or sent at DSG's direction and with DSG's approval.

19.    Many of the offending emails contain subject lines advertising a deal that "ends soon," "ends today," "ends tonight," lasts for "today only," or include some other language promoting a purported limited-time offer requiring a consumer to act quickly to benefit from it. DSG also disseminates emails with subject lines advertising false "flash sales" designed to similarly induce consumers to rush to purchase supposedly discounted items before a sale expires.

CLASS ACTION COMPLAINT                    5                    **EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

20.　　To reasonable consumers, these statements convey that discounts are only available for a short period, and that if they do not buy during that short period, they will no longer have the opportunity to get the discount and will have to pay the full non-discounted price to obtain the same products later. This drives sales by motivating consumers to buy before the sale ends. But the opportunity to get a discount does not actually end when the periods advertised in the emails end. Instead, DSG regularly extends the sales after the false deadline has expired, or—within days—replaces the sale that ends with a materially similar (or even better) sale. This allows DSG to profit from a false sense of urgency.

21.　　Consumers are harmed because the false or misleading subject lines induce them to make hasty purchases without the amount of consideration and price-comparison they would normally engage in before spending their money. Consumers are falsely led to believe that they will miss a rare, limited-time deal, when in reality the purported deal will continue to exist beyond the time period advertised.

22.　　Examples of DSG's false and misleading emails are set forth below.

23.　　***Limited-time clearance sales that are not actually limited in time.*** DSG has a history of using false and misleading limited-time email subject lines to advertise its clearance products. For instance, on December 6, 2025, it sent an email with the subject line "You've got a few hours left! You're getting Flash SALE savings. Shop up to 50% off..." and one of the flash sale deals, labeled "Final Hours," advertised in the email was an extra 30% off select clearance clothing and shoes. Then, on December 9, DSG sent an email with the subject line "Score an EXTRA 40% OFF select clearance clothing & shoes (Limited time!)." And on December 12, 2025, it sent an email with the subject line "HURRY! Extra 40% off select clearance clothing &

CLASS ACTION COMPLAINT　　　　6

EMERY | REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

shoes ends today." Yet, the very next day, DSG sent an email advertising "Up to 70% Off Select Clearance."

24.    DSG's email subject lines touting "flash sales" or other limited-time deals on clearance products were false as to the veracity of the length of time and/or exclusivity of the sale, and misleading because they induced consumers to purchase clearance products under the false belief that the promotion would end soon when in fact the promotion would not only continue, but would offer deeper discounts on "select clearance."

25.    ***Merry Flash Sale "ends today," but doesn't actually end that day.*** On December 17, 2025, DSG sent an email with the subject line "Up to 50% off the Merry Flash Sale ends today. Act fast—these deals won't last long." The email body contained a deal for an extra 20% off select Nike shoes and clothing.

26.    The next day, DSG sent out two emails—with the subject lines "Get 50% off HOT holiday DEALS now" and "LAST DAY for ground shipping! Order NOW to get gifts on time"—containing the same extra 20% off select Nike discount. And, on December 20, DSG sent an email with the subject line "EXTRA 20% off select Nike clothing & shoes! (Limited time only)."

27.    ***Flash sale "ends tonight," but continues for a week.*** On January 21, 2026, DSG sent an email with the subject line, "Time is ticking, score your DEALS—up to 50% off our Flash SALE ends tonight." The body of the email indicated the sale included, among other deals, an extra 40% off select clearance clothing and shoes.

28.    The next day, on January 22, 2026, DSG sent an email with the subject line "Explore more: EXTRA 40% off select clearance clothing—new styles added." The 40% off clearance items promotion was advertised to expire the day prior, yet it was still active, promoted, and, in fact, expanded to include additional products. The phrase "new styles *added*" indicates

CLASS ACTION COMPLAINT                    7                    **EMERY | REDDY, PC**
                                                              600 Stewart Street, Suite 1100
                                                              Seattle, WA 98101
                                                              Phone: (916) 823-6955 • Fax: (206) 441-9711

that the identical items discounted the day prior remained discounted, and, moreover, the original

discounts were actually broadened because they included additional products.

29.    Additionally, on January 24, 2026, DSG sent an email with the subject line "Too

great to miss: Up to 50% OFF this week's DEALS." Included in that week's deals was an extra

40% off select clearance clothing, with "New Styles Added!"

30.    On January 26, 2026, DSG sent an email with the subject line "Ends. Tonight!

Extra 40% off select clearance clothing." The body of the email again advertised "New Styles

Added!"

31.    And yet again, the *same* extra 40% off clearance, "new styles added" offer was

included in a January 28 email with the subject line "**1 day ONLY** Now's the time to get up

to 50% off! Grab great deals that'll be over in a flash." Plaintiff received this email, which is

screenshotted below:



32.    Further, on January 29, DSG sent an email with the subject line "Time's ticking!

Up to 75% OFF Winter Clearance won't last much longer" one day after sending the above email

| CLASS ACTION COMPLAINT | 8 | EMERY \| REDDY, PC |
|---|---|---|

EMERY | REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

advertising an extra 40% off clearance, which instructed consumers to "Grab great deals that'll be over in a flash."

33.    Thus, clearance items were marked at an extra 40% off for a much longer period of time than each of the "flash sales" DSG advertised in its email subject lines. With each email received, consumers were enticed to participate in the "flash sales," only for the sale to be replaced the very next day with a materially similar, or even better, sale. In other words, DSG misled and induced consumers and to purchase clearance products based on a falsely advertised one-day deadline, despite the same and, in fact, superior deals being available the very next day on the exact same items.

34.    ***"TODAY ONLY" flash sale doesn't end that day.*** On February 22, 2026, DSG sent an email with the subject line "TODAY ONLY: Up to 50% off 1-day Flash SALE DEALS." The purported flash sale deals contained in the body of the email included an extra 25% off select clearance items, up to 20% off Nike clothing and shoes, up to 50% off select fan shop gear, up to 40% off select boots and casual shoes, up to 40% off select cleats, and up to 30% off select Maxfli golf products. Under each deal was the text "Valid online only through 2/22/26 11:59PM PT." Plaintiff received this email, which is screenshotted below:



EMERY | REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

35.     However, the very next day, on February 23, 2026, DSG sent an email with the subject line "Searching for savings? You'll want to see this week's deals." The body of the email indicated that the effective weekly deals included up to 50% off select fan shop gear, up to 40% off select shoes, and up to 40% off select cleats—some of the very same deals offered in the ostensible one-day "flash sale" advertised the day prior.

**C.     DSG Sent the Above False and Misleading Commercial Emails to Plaintiff and Other Consumers Whom it Knows, or Reasonably Should Know, Reside in Washington.**

36.     At all times relevant to this Complaint, Plaintiff resided in the State of Washington.

37.     Plaintiff has received many marketing emails from DSG since at least 2023, and typically receives several emails per month at minimum.

38.     On information and belief, as a sophisticated commercial enterprise engaged in mass email marketing, DSG knew, should have known, or had reason to know, that Plaintiff's email address was associated with a Washington resident. Plaintiff purchased products from DSG's website and had them shipped to their homes located in Washington. Plaintiff shopped in DSG's Washington locations with her account and DSG emailed her receipts for her in-store purchases to her email address. Plaintiff has also repeatedly clicked on links contained in DSG's emails from her computer, which was registered to a Washington-based IP address at all relevant times, or from his/her smart phone, which was geolocated in Washington, unless Plaintiff was traveling out-of-state.

39.     Though Plaintiff is generally interested in receiving *truthful* information about DSG's products, Plaintiff has no interest in receiving emails from DSG which feature false and misleading subject lines—such emails serve only to waste Plaintiff's time and deceive them into purchasing products they may not otherwise have purchased, or may have purchased elsewhere.

CLASS ACTION COMPLAINT                    10                    **EMERY | REDDY, PC**

Due to DSG's conduct, Plaintiff cannot distinguish DSG's truthful emails from those with false and misleading information designed to induce a hasty purchase.

40.    Plaintiff continues to receive emails with false and misleading subject lines. DSG is aware of all the emails it has sent Plaintiff, and discovery will show the full number of illegal spam emails DSG has sent throughout the relevant period.

41.    On information and belief, DSG knew, should have known, or had reason to know, that it was sending the above misleading commercial emails to email addresses held by other Washington residents because (i) DSG had a physical Washington address that was associated with the recipient; (ii) DSG had access to data indicating that the recipient was in Washington state; and/or (iii) information was available to DSG upon request from the registrant of the internet domain name contained in the recipient's electronic mail address.

42.    On information and belief, DSG also utilizes several methods to ascertain where many of its customers reside.

43.    And, on information and belief, discovery will show that DSG employs methods to track the effectiveness of its marketing emails, the location of its customers through geocoordinates and IP addresses of its customers, and that DSG uses sophisticated third parties who create profiles of customers and potential customers, which include their email addresses and physical locations.

44.    Lastly, DSG knew or should know that it sends marketing emails to Washington residents due to its large presence in the state and the volume of marketing emails it sends to people around the country. *See State v. Heckel*, 93 P.3d 189, 193 (Wash. App. 2004) (holding as a matter of law that a defendant had a reason to know that he sent emails to Washington residents by sending over 100,000 emails a week to people around the country).

CLASS ACTION COMPLAINT                     11                     **EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

## V.    CLASS ACTION ALLEGATIONS

45.    Plaintiff brings this action under Civil Rule 23 on behalf of the following putative class ("Class"):

> All Washington residents who received promotional emails from DSG with subject lines advertising sales or discounts on DSG products during the relevant time period.

46.    Excluded from the Class are DSG's officers, directors, and employees; DSG's parents, subsidiaries, affiliates, and any entity in which DSG has a controlling interest; undersigned counsel for Plaintiff; and all judges and court staff to whom this action may be assigned, as well as their immediate family members

47.    The Class Period begins four years prior to the date of Plaintiff's initial Class Action Complaint filing and extends to the date a class certification order is entered in this Action.

### *Numerosity and Ascertainability*

48.    The Class is so numerous that joinder of all members is impracticable.

49.    On information and belief, the Class has more than 1,000 members.

50.    The disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

51.    On information and belief, Class members can be identified through DSG's records.

### *Commonality and Predominance*

52.    There are numerous questions of law and fact common to Plaintiff and members of the Class. Common questions of law and fact include, but are not limited to:

> a.    Whether the subject lines of the specified emails were false and misleading;
>
> b.    Whether all individuals on DSG's email list received the emails;

CLASS ACTION COMPLAINT                    12

EMERY | REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

c.  Whether DSG initiated the transmission or conspired to initiate the transmission of commercial electronic mail messages to recipients residing in Washington State in violation of RCW 19.190.020;

d.  Whether Plaintiff and the proposed Class are entitled to an injunction enjoining DSG from sending the unlawful emails in the future; and

e.  The nature and extent of classwide injury and damages.

53.  The core of this case is DSG's standard and established practice of disseminating commercial emails with false or misleading subject lines to consumers residing in the State of Washington. The common factual and legal issues arising from this conduct predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

**_Typicality_**

54.  Plaintiff's claims are typical of the claims of the Class.

55.  Plaintiff, like the members of the Class, resided in Washington when she received the emails at issue.

56.  Plaintiff's claims, like the claims of the Class, arise out of a common course of conduct by DSG. Plaintiff and all Class members suffered the same injury insofar as they received at least one email with a false or misleading subject line.

57.  The legal arguments and remedial theories bearing on Plaintiff's claims are typical of the claims of other putative class members.

**_Adequacy_**

58.  Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action

CLASS ACTION COMPLAINT   13

litigation, including consumer class actions and class actions involving violations of Washington's consumer protection statutes. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

*__Superiority__*

59.    Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters future illegal activity. Class adjudication would serve the interest of individual class members, who would have little incentive to pursue their claims separately because any individual recovery would be minimal compared to the costs of litigation. There is no known litigation concerning the same subject matter. This is an appropriate forum for concentrating the claims of the members of the Class, who are Washington consumers. Finally, it will be feasible to manage this case as a class action.

*__Injunctive relief__*

60.    DSG's conduct is uniform as to all members of the Class. DSG has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole. Plaintiff further alleges, on information and belief, that the emails described in this Complaint are substantially likely to continue in the future if an injunction is not entered.

## CLAIMS FOR RELIEF

### COUNT 1
**Violations of Washington's Commercial Electronic Mail Act, RCW 19.190 *et seq.*
On behalf of Plaintiff and the Proposed Class**

---

CLASS ACTION COMPLAINT                14

EMERY | REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

61.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

62.     Washington's CEMA prohibits any "person," defined in RCW 19.190.010(11), from initiating or conspiring to initiate the transmission of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that contains false or misleading information in the subject line.

63.     DSG is a "person" within the meaning of CEMA, RCW 19.190.010(11).

64.     DSG initiated the transmission or conspired to initiate the transmission of one or more commercial electronic mail messages to Plaintiff and proposed Class members with false or misleading information in the subject line.

65.     DSG's acts and omissions violated RCW 19.190.020(1)(b).

66.     DSG's acts and omissions injured Plaintiff and proposed Class members.

67.     The balance of the equities favors the entry of permanent injunctive relief against DSG. Plaintiff, the members of the Class and the general public will be irreparably harmed absent the entry of permanent injunctive relief against DSG. A permanent injunction against DSG is in the public interest. DSG's unlawful behavior is, based on information and belief, ongoing as of the date of the filing of this pleading. Absent the entry of a permanent injunction, Defendant's unlawful conduct will continue and, in the unlikely event that it voluntarily ceases, is likely to reoccur.

68.     Plaintiff and Class members are therefore entitled to injunctive relief in the form of an order enjoining further violations of RCW 19.190.020(1)(b).

///

CLASS ACTION COMPLAINT                    15                     **EMERY | REDDY, PC**

**COUNT 2**
*Per se* **Violations of Washington's Consumer Protection Act, RCW 19.86** *et seq.*
**On behalf of Plaintiff and the Proposed Class**

69.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

70.    Plaintiff and Class members are "persons" within the meaning of the CPA, RCW 19.86.010(1).

71.    DSG violated the CEMA by initiating or conspiring to initiate the transmission of commercial electronic mail messages to Plaintiff and Class members that contain false or misleading information in the subject line.

72.    Washington state and federal courts have held that a plaintiff states a CPA claim solely by alleging a violation of CEMA. *See State v. Heckel*, 24 P.3d 404, 407 (Wash. 2001) ("RCW 19.190.030 makes a violation of [CEMA] a per se violation of the [CPA]."); *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1065 (9th Cir. 2009) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535-37 (Wash. 1986)); *Wright v. Lyft, Inc.*, 406 P.3d 1149, 1155 (Wash. 2017) ("We conclude that RCW 19.190.040 establishes the injury and causation elements of a CPA claim as a matter of law.").

73.    A violation of CEMA is a "per se" violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.010, et seq. RCW 19.190.030.

74.    A violation of the CEMA establishes all five elements of Washington's Consumer Protection Act as a matter of law.

75.    DSG's violations of the CEMA are unfair or deceptive acts or practices that occur in trade or commerce under the CPA. RCW 19.190.100.

CLASS ACTION COMPLAINT                16

76. DSG's unfair or deceptive acts or practices vitally affect the public interest and thus impact the public interest for purposes of applying the CPA. RCW 19.190.100.

77. Pursuant to RCW 19.19.040(1), damages to each recipient of a commercial electronic mail message sent in violation of CEMA are the greater of $500 for each such message or actual damages, which establishes the injury and causation elements of a CPA claim as a matter of law.

78. DSG engaged in a pattern and practice of violating CEMA. As a result of DSG's acts and omissions, Plaintiff and Class members have sustained damages, including $500 in statutory damages for each and every email that violates CEMA. The full amount of damages will be proven at trial. Plaintiff and Class members are entitled to recover actual damages and treble damages, together with reasonable attorneys' fees and costs, pursuant to RCW 19.86.090.

79. Under the CPA, Plaintiff and members of the Class are also entitled to, and do seek, injunctive relief prohibiting Defendant from violating the CPA in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the members of the Class, requests judgment against DSG as follows:

A. That the Court certify the proposed Class;

B. That the Court appoint Plaintiff as Class Representative.

C. That the Court appoint the undersigned counsel as counsel for the Class;

D. That the Court should grant injunctive relief as permitted by law to ensure that DSG will not continue to engage in the unlawful conduct described in this Complaint;

E. That the Court enter a judgment awarding any other injunctive relief necessary to ensure DSG's compliance with CEMA;

CLASS ACTION COMPLAINT                17                **EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

F.      That DSG be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify members of the Class;

G.      That Plaintiff and all Class members be awarded statutory damages in the amount of $500 for each violation of the CEMA pursuant to RCW 19.190.020(1)(b) and treble damages pursuant to RCW 19.86.090;

H.      That the Court enter an order awarding Plaintiff reasonable attorneys' fees and costs; and

I.      That Plaintiff and all Class members be granted other relief as the Court deems just and equitable under the circumstances.

Dated: April 23, 2026                                    Respectfully submitted,


                                                        By: /s/M. Anderson Berry
                                                        M. Anderson Berry, WSBA No. 63160
                                                        Gregory Haroutunian*
                                                        Brandon P. Jack*
                                                        **EMERY REDDY, PC**
                                                        600 Stewart Street, Suite 1100
                                                        Seattle, WA 98101
                                                        Phone: (916) 823-6955
                                                        anderson@emeryreddy.com
                                                        *tim@emeryreddy.com*
                                                        *gregory@emeryreddy.com*
                                                        *brandon@emeryreddy.com*

                                                        Benjamin F. Johns*
                                                        bjohns@shublawyers.com
                                                        Samantha Holbrook*
                                                        sholbrook@shublawyers.com
                                                        Deirdre Mulligan*
                                                        dmulligan@shublawyers.com
                                                        **SHUB JOHNS & HOLBROOK LLP**
                                                        Four Tower Bridge
                                                        200 Barr Harbor Drive, Suite 400
                                                        Conshohocken, Pennsylvania 19428
                                                        (610) 477-8380 (tel.)

                                                        Andrew W. Ferich*
                                                        aferich@ahdootwolfson.com
                                                        **AHDOOT & WOLFSON, PC**
                                                        201 King of Prussia Road, Suite 650
                                                        Radnor, Pennsylvania 19087
                                                        (310) 474-9111 (tel.) / (310) 474-8585 (fax)

CLASS ACTION COMPLAINT                18                **EMERY | REDDY, PC**
                                                        600 Stewart Street, Suite 1100
                                                        Seattle, WA 98101
                                                        Phone: (916) 823-6955 • Fax: (206) 441-9711

Zachary Arbitman*
zarbitman@feldmanshepherd.com
George Donnelly*
gdonnelly@feldmanshepherd.com
Nicole Maruzzi*
nmaruzzi@feldmanshepherd.com
**FELDMAN SHEPHERD
WOHLGELERNTER TANNER
WEINSTOCK DODIG LLP**
1845 Walnut Street, Floor 21
Philadelphia, PA 19103
(215) 567-8300 (tel.)

*Attorneys for Plaintiff and the Proposed
Class*

**pro hac vice* application forthcoming

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711